FILED
United States Court of Appeals
Tenth Circuit

December 29, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LARRY EDMOND,

     Petitioner - Appellant,

v.

JEFF BUTLER,

     Respondent - Appellee.

No. 22-3197
(D.C. No. 5:20-CV-03248-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Larry Edmond, a Kansas state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the denial of his application under 28 U.S.C. § 2254 by the

United States District Court for the District of Kansas. *See* 28 U.S.C. § 2253(c)(1)(A)

(COA required to appeal denial of § 2254 application). We deny his application for a

COA and dismiss the appeal.

## I.    BACKGROUND

On August 17, 2012, a jury in Kansas state court found Mr. Edmond guilty of

second-degree attempted murder, aggravated kidnapping, aggravated battery, and

robbery. The trial judge sentenced Mr. Edmond to 586 months in prison. The Kansas

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Court of Appeals (KCOA) affirmed Mr. Edmond's convictions and sentence and the Kansas Supreme Court denied his petition for review. The state trial court denied Mr. Edmond's later motion for postconviction relief under K.S.A. 60-1507, the KCOA affirmed, and the Kansas Supreme Court once more denied review.

In October 2020 Mr. Edmond filed a pro se application for relief under § 2254 in the United States District Court for the District of Kansas. He later filed two amended applications, the second of which argued that he was denied a fair trial because of (1) ineffective assistance of counsel, (2) a racially biased jury, and (3) insufficient evidence to convict. The district court denied relief. The court determined that some ineffective-assistance claims were procedurally defaulted, the remaining claims failed on the merits, and he was not entitled to a COA.

## II.    ANALYSIS

A COA issues "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied (in part or in full) on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must

2

also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

To justify a COA, Mr. Edmond argues that the district court erred in denying his preserved claims of ineffective assistance of trial counsel, a racially biased jury, and insufficiency of the evidence. We conclude that he is not entitled to a COA on any ground.

The claims preserved by Mr. Edmond in this court—trial-counsel ineffectiveness on two grounds, the jury's alleged racial bias, and insufficiency of the evidence—were reviewed on the merits by the KCOA. When a § 2254 application raises claims that a state court has reviewed on the merits, the federal court may not grant relief unless the state-court adjudication resulted in a decision (1) "that was contrary to, or involved an unreasonable application of, clearly established [Supreme Court] law" or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d). "A state court decision violates the 'contrary to' clause if it applies a rule that contradicts the governing law set forth in the Supreme Court's cases." *Murphy v. Royal*, 875 F.3d 896, 914 (10th Cir. 2017), *aff'd sub nom. Sharp v. Murphy*, 140 S. Ct. 2412 (2020) (brackets and internal quotation marks omitted). An "unreasonable application" of Supreme Court precedent "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v.*

*Donald*, 575 U.S. 312, 316 (2015) (per curiam) (internal quotation marks omitted). The applicant must therefore "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (internal quotation marks omitted).

### a. Ineffective assistance of trial counsel

Several of Mr. Edmond's ineffective-assistance claims raised in district court were not pursued in his brief in this court and therefore are waived. *See United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011) ("It is well-settled that arguments inadequately briefed in the opening brief are waived." (brackets and internal quotation marks omitted)); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (where appellant "appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate"). The only ineffectiveness claims properly before us are that trial counsel failed to object to hearsay statements and failed to investigate, interview, and subpoena Mr. Edmond's sisters.

An applicant arguing ineffective assistance of counsel must show both that counsel's performance "fell below an objective standard of reasonableness" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 688 (1984). "To be deficient, the performance must be outside the wide range of professionally competent assistance. In other words, it must have been completely unreasonable, not merely wrong." *Harmon v. Sharp*, 936 F.3d 1044, 1058 (10th Cir.

4

2019) (internal quotation marks omitted). And to show prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

First, Mr. Edmond argues that trial counsel was ineffective for failing to object to the introduction of out-of-court statements of his then-girlfriend Tracey Williams, the victim of the attempted murder, kidnapping, and battery. At trial the state court found that Ms. Williams was unavailable and admitted her preliminary-hearing testimony. On appeal of Mr. Edmond's petition for postconviction relief, the KCOA concluded that her preliminary-hearing testimony was admissible because she was unavailable at trial. As for Ms. Williams's out-of-court statements related by other trial witnesses, the court pointed out that Mr. Edmond had not identified any specific testimony as inadmissible hearsay. And even if their testimony included some improper hearsay, that hearsay could not have prejudiced Mr. Edmond in light of the other evidence of his guilt—including surveillance video and the first-hand observations of a testifying witness. In reaching this conclusion, the KCOA reasonably applied Supreme Court precedent.

Second, Mr. Edmond argues that trial counsel was ineffective for failing to investigate, interview, and subpoena as witnesses Mr. Edmond's sisters, Martha and Parisha Edmond. He contends that their testimony would have supported his theory of defense while also impeaching state witness Danny Hendricks (the robbery victim). But "[u]nder *Strickland*, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made

5

after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Hinton v. Alabama*, 571 U.S. 263, 274 (2014) (per curiam) (internal quotation marks omitted). On appeal of the trial court's denial of Mr. Edmond's petition for postconviction relief, the KCOA explained that he was obliged to show that trial counsel's decision not to call the sisters to testify could not have been a strategic decision based on adequate investigation. The KCOA determined that Mr. Edmond had failed to carry this burden. In fact, trial counsel had subpoenaed the sisters to testify at trial but made the eventual decision not to call them as witnesses; the KCOA concluded that counsel's decision to subpoena the women implied that he had investigated them as possible witnesses for the defense but had then decided not to call them to testify. This was a reasonable application of *Strickland* and *Hinton*. Trial counsel's subpoenas undermine Mr. Edmond's argument that there was no investigation. Trial counsel may have plausibly concluded that the sisters' relationship with Mr. Edmond and involvement in his illegal activities rendered them unhelpful witnesses. Such a strategic choice is entitled to the utmost deference from the courts.

No reasonable jurist could debate whether Mr. Edmond is entitled to relief on his ineffective-assistance-of-counsel claims.

### b. Racial bias of the jury

Mr. Edmond next argues that he was denied his due-process rights because the trial court denied his motions for mistrial based on alleged racial bias of jurors. At trial the state played a recorded telephone call between Mr. Edmond and Ms. Williams in

which Mr. Edmond used the racially pejorative term "peckerwoods" for Caucasians. Mr. Edmond twice moved for a mistrial; while counsel were arguing the second motion, he was permitted to say that during a sidebar conference he had overheard a juror expressing offense at his use of the term. The trial judge denied both motions for mistrial and also denied Mr. Edmond's request that the juror who allegedly expressed offense be questioned. On direct appeal the KCOA determined that the trial court did not abuse its discretion in denying the motions for mistrial. The court concluded that the denials were based on sufficient findings of fact—first, that the historically offensive meaning of the term was not common knowledge, and second, that Mr. Edmond's statement that he overheard the juror's alleged comment during sidebar was not credible given the court's use of pink noise to prevent the jury from hearing sidebar conversation, the distance between the juror and Mr. Edmond, and the fact that the judge, the attorneys, and the court guard did not hear the alleged comment. The trial court also carefully considered and rejected alternative remedies (questioning the juror or giving a cautionary instruction to the jury), citing concern that emphasizing the comment would only prejudice Mr. Edmond. The KCOA concluded that the trial court did not abuse its discretion in denying the mistrial motions.

To secure relief on a due-process claim based on denial of a motion for mistrial, Mr. Edmond must demonstrate that the denial "was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012) (internal quotation marks omitted). The Supreme Court "define[s] the category of infractions that violate

7

'fundamental fairness' very narrowly," *Dowling v. United States*, 493 U.S. 342, 352 (1990), and trial judges ought to grant a mistrial only "with the greatest caution, under urgent circumstances, and for very plain and obvious causes," *Renico v. Lett*, 559 U.S. 766, 774 (2010) (internal quotation marks omitted).

No reasonable jurist could debate whether Mr. Edmond is entitled to relief on his claims of alleged racial bias.

### c. Insufficiency of the evidence

Finally, Mr. Edmond argues that his convictions were not supported by sufficient evidence. Evidence is sufficient to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). On direct appeal the KCOA stated a Kansas rule functionally identical to the Supreme Court's holding in *Jackson* and, based on a combination of witness testimony and surveillance video, concluded that the evidence presented supported Mr. Edmond's convictions. This was a logical application of the facts of this case to clearly-established federal law, and thus no reasonable jurist could debate whether Mr. Edmond is entitled to relief based on insufficiency of the evidence.

## III.    CONCLUSION

No reasonable jurist could debate the district-court dismissal of Mr. Edmond's

claims. We therefore **DENY** his request for a COA and dismiss this appeal.

Entered for the Court

Harris L Hartz
Circuit Judge